UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-3094(DSD/SRN)

Jocelyn Amalong,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Wyeth Pharmaceuticals, et al.,

    Defendants.


This matter is before the court upon the responses of the parties regarding possible transfer of this action pursuant to 28 U.S.C. § 1404(a). Based on a review of the file, record and proceedings herein, the court transfers this action to the United States District Court for the Middle District of Florida.[1]

**BACKGROUND**

This is one of thousands of product-liability actions filed in the District of Minnesota by plaintiffs who have no connection to Minnesota against defendants who have no connection to Minnesota regarding events that did not occur in Minnesota and that had no impact within Minnesota. The vast majority of these actions have been filed in this district because, if they were filed by the plaintiffs in their home states (or almost anywhere else), they

---

[1] The parties agree that, if the court decides to transfer this action, it should transfer it to the Middle District of Florida.

would be dismissed under the applicable statutes of limitations. The Minnesota Legislature has enacted unusually long statutes of limitations, which, for claims arising before August 1, 2004, apply to actions properly commenced in Minnesota even when Minnesota has no discernable connection to the action. See Fleeger v. Wyeth, 771 N.W.2d 524, 525 (Minn. 2009).

This case is typical. Plaintiff Jocelyn Amalong is a citizen of Florida. No named Defendant appears to be incorporated or have its principal place of business in Minnesota or Florida. According to the generic complaint, Ms. Amalong ingested Premarin, Provera and Prempro manufactured by defendants. Ms. Amalong was diagnosed with breast cancer, and filed this action in 2004. On September 22, 2010, the court ordered the parties to submit briefs discussing transfer of this action. The parties timely responded, and the court now considers transfer under § 1404(a).

## DISCUSSION

Actions transferred under 28 U.S.C. § 1404(a) retain the law of the transferor forum. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990); Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH, 495 F.3d 582, 586 (8th Cir. 2007). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

2

it might have been brought." 28 U.S.C. § 1404(a). Deciding whether to order a transfer under § 1404(a) "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). The relevant factors fall generally into three categories: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. Id. There is, however, "no exhaustive list of specific factors to consider ...." Id.

I. **Convenience of the Parties and Convenience of the Witnesses**

In this action, no party is located in Minnesota, no relevant event occurred in Minnesota, no alleged injury was suffered in Minnesota and no evidence is present in Minnesota. Minnesota does not appear to be convenient for anyone — including Amalong, who lives in Florida.[2] In short, any state with any connection to this lawsuit would be more convenient than Minnesota. Therefore, the first two factors favor transfer.

---

[2] Of course, a plaintiff may choose to inconvenience herself and, if litigating in Minnesota were convenient for defendants and third-party witnesses, the court would not transfer the case solely to eliminate an inconvenience that Amalong wants to bear. Cf., e.g., CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc., 259 F.R.D. 398, 409 (D. Minn. 2009). For the reasons described above, however, litigating in Minnesota would not be convenient for defendants or third-party witnesses.

3

**II. Interests of Justice**

Defendants argue that the interests of justice favor retaining the case in Minnesota. The interests of justice typically involve considerations of "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law[s] issues, and (7) the advantages of having a local court determine the questions of local law." Id. at 696. Defendants acknowledge that factors three through seven are neutral.

Defendants first argue that judicial economy favors Minnesota "because there will be an opportunity for efficient coordination between the MDL proceedings and consistent and uniform treatment of all of the Minnesota cases." Defs.' Br. 8, ECF No. 18. In this case, the efficiency of consolidated proceedings has already been realized through the MDL proceedings. Moreover, it in no way furthers the interests of justice for this district to keep numerous cases with no connection to Minnesota and delay justice even longer for residents of Minnesota and others who seek to litigate disputes that have a genuine connection to Minnesota. Therefore, defendants' argument fails.

Defendants next argue that the action should remain in Minnesota because Amalong "consciously chose Minnesota as the forum in which to file her case." Defs.' Mem. 9. The Ferens Court noted

4

that it is incorrect to make a plaintiff "pay the price for choosing an inconvenient forum." Id. at 529. Moreover, in this case the forum shopping already happened, and in considering transfer, the court is only concerned that it not allow Amalong to "obtain[] a more favorable law by selecting a forum through a transfer of venue." Ferens, 494 U.S. at 527. As the court already noted, the substantive law of Minnesota will follow this action. Amalong's choice of forum does not overcome the systemic costs of maintaining this action in Minnesota, and therefore defendants' argument fails. See id. at 529-30.

Defendants also argue that transfer under § 1404(a) is not warranted because the Florida statute of limitations prevents it from being a district where the action "might have been brought." Whether an action might be brought in a district depends on personal and subject-matter jurisdiction, venue and service of process. See CSI Tech., Inc. v. Commtest Instruments Ltd., No. 08-450, 2008 WL 4057546, at *2 & n.2 (D. Minn. Aug. 26, 2008). Statute of limitations is an affirmative defense, not subject to jurisdictional challenge. See Johnson v. Mott, 376 F. App'x 641, 641 (8th Cir. 2010). Therefore, defendants fail to show that this action could not have been brought in the Middle District of Florida.[3]

---

[3] Defendants rely on Juzwiak v. Dayton Oil Co., 200 F. Supp 300, 302 (S.D.N.Y 1961), for their argument. The Juzwiak decision
(continued...)

5

Lastly, defendants argue that the interests of justice "weigh[] strongly against a court located in Minnesota requiring a federal district court located in another state to open its doors to cases to which the policy of that state would close the doors." As Judge Ericksen recently noted, however, "this is exactly what the law permits." Rogers v. Wyeth, No. 08-2149, 2010 WL 3324432, at *2 (D. Minn. Aug. 20, 2010); see also Ferens, 494 U.S. at 519-20, 31. Therefore, the interests of justice favor transfer.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that this action is transferred to the United States District Court for the Middle District of Florida.

Dated: October 28, 2010

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court

---

[3](...continued)
has never been favorably cited for this proposition, and the court agrees with the analysis of the District of New Jersey. See Yang v. Odom, 409 F. Supp. 2d 599, 604 (D.N.J. 2006) (finding Juzwiak unpersuasive as "a case which is over forty years old, is not binding upon this district, and does not provide ... clear authority for denying transfer in this case").